(No. 1581—

W. C. ARMBRUSTER AND RAYNA MITCHELL, A PARTNERSHIP DOING BUSINESS UNDER THE NAME OF THE R. H. ARMBRUSTER MFG. CO., Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 31, 1935.*

THE R. H. ARMBRUSTER MFG. COMPANY, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimants, a partnership, consisting of W. C. Armbruster and Rayna Mitchell, a partnership doing business under the name of The R. H. Armbruster Mfg. Co. were engaged in manufacturing and selling tents, awnings and canvas goods products.

They alleged that the State of Illinois, through the Department of Purchases and Construction, bought from them under date of May 3, 1928, three pull awnings, which were to be installed, for the sum of $81.00, and on June 7, 1929,

bought from them two pull awnings and removed, stored and erected three awnings, all of the value of $64.00, and an itemized statement is attached to the bill, claiming the State of Illinois is indebted to them in the sum of $145.00.

From the record appears a stipulation to the effect that the claimant had sold and supplied awnings and similar merchandise to various departments for many years; that in the fall of 1927, the claimants removed and stored for the winter months, certain awnings located on the south side, first floor of the Capitol Building and used by the Department of Purchases and Supplies of the State of Illinois; that in April, 1928, the claimants advised L. H. Becherer, State Purchasing Agent, that new awnings were needed for certain windows and received an oral order from the said L. H. Becherer, State Purchasing Agent, for the purchase of three pull awnings for said windows. It was further stipulated that on May 2, 1928, pursuant to this order, three new pull awnings were properly installed with the understanding and expectation that a requisition for the purchase of said awnings would be issued in the customary way; that these awnings so installed have been and still are in use by the State of Illinois. It was further stipulated that bills were presented to the Department of Purchases and Supplies on or about June 1, 1928, and every thirty days thereafter for more than one year, these bills being in the amount of $81.00 which was the purchase price for said awnings but that the Department of Purchases and Supplies never issued requisition for the awnings and that payment therefor was never made by the State of Illinois.

The claimants filed their claim pro se on March 20, 1930, for $145.00.

In the report dated March 28, 1930, from Henry H. Kohn, Director, Department of Purchases and Construction, it is stated:

"We are returning herewith statement of claim entitled as above and beg to report as follows:

"The State Purchasing Agent, of the Division of Purchases and Supplies, states his records fail to disclose an order was given for the item May 3, 1928, 3 pull awnings, $81.00; therefore, payment is not recommended.

"The item June 7, 1929, 2 pull awnings, $55.00, removal, storing and erection of three awnings, $9.00, total $64.00, is correct and approved for payment."

This court has held that where facts are undisputed and the State received supplies as ordered by it and that the bill therefor was not presented for payment before the lapse of the appropriation out of which it could be paid, an award for the amount due will be made.

While it may be true that Director Kohn, or those under him, did not directly order the three pull awnings valued at $81.00, from the stipulation it appears that in April, 1928, the claimants advised the State Purchasing Agent that new awnings were needed for certain windows, and did receive an oral order for the same, and that these three new pull awnings were actually installed in a proper manner, and the State has received the use and benefit of these awnings since that time, and this claim having been filed within the Statute of Limitations, we feel that the whole bill should be paid.

It being agreed that the balance of the bill amounting to $64.00 is correct and for the reasons herein stated, we recommend that an appropriation be made for the sum of $145.00, payable to W. C. Armbruster and Rayna Mitchell, a partnership doing business under the firm name and style of The R. H. Armbruster Mfg. Co.